

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2006

# Ayoub v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1592

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ayoub v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1450.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1450

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

NO. 05-1592

———————————

MARYAM AYOUB IBRAHIM AYOUB; AWADALLA SIDHOM ATTA ALLA
SIDHOM; MARINA AWADALLA SEDHOM AWADALLA,
*Petitioner*s

v.

ATTORNEY GENERAL OF THE UNITED STATES

———————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Board Nos.  A95-476-626, A95-476-625, A95-476-624)

———————————

Submitted Under Third Circuit LAR 34.1(a)
February  27, 2006
Before: SLOVITER, FUENTES and BECKER, *Circuit Judges*.

(Filed:  March 13, 2006)

———————————

OPINION

———————————

BECKER, *Circuit Judge.*

This is a Petition by Maryam Ayoub Ibrahim Ayoub, a national and citizen of Egypt, for Review of an Order of The Board of Immigration Appeals ("BIA") dismissing her appeal of an Immigration Judge's denial of her Application for Asylum, Withholding of Removal and Protection under the Convention Against Torture. The other petitioners are Ayoub's husband, Awadalla Sidhom Atta Alla Sidhom, and her daughter, Marina Awadalla Sedhom Awadalla. The husband and daughter did not file separate asylum applications, but are potential beneficiaries of Ayoub's application.

Ayoub seeks relief on the grounds that she had suffered persecution at the hands of fanatic Muslim gangs because she was a Coptic Christian. However, her documentation and her testimony, while long on allegations, are short on detail and devoid of any corroboration. The BIA found that Ayoub's testimony "lack[ed] sufficient consistency and detail to provide a coherent account of the events allegedly resulting in [her] fear of return to Egypt" and that Ayoub's testimony "regarding material aspects of her claim [was] only simplistic, vague, and generalized." (A 4-5.) We agree. The Board also properly noted inconsistencies in Ayoub's accounts of her alleged persecution. Because the parties are fully familiar with the background facts and procedural history we need not set them forth, and limit our discussion to our *ratio decidendi.*

Our standard of review is extremely deferential; we must uphold the IJ's findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole," *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1991) (quoting 8 U.S.C. § 1105a(a)(4)), and may not reject them "unless any reasonable adjudicator would

2

be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). On this record we are constrained to find that the decision of the BIA is supported by substantial evidence.

The evidence proffered by Ayoub was not sufficiently detailed and yet our jurisprudence demands that testimony be specific and detailed. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 599 (3d Cir. 2003). Ayoub's statements of facts lacks dates, places, and other important details despite the IJ's invitation to supply them. Moreover, in view of the inconsistencies identified by the IJ, we cannot quarrel with the Agency's credibility determination. But even giving Ayoub the best of it, her testimony about two incidents in 2001, some nonspecific statements about abuse and about having a hard time in Egypt, and some claims about harassment of her father in 1996 and 1997 do not compel a conclusion that Ayoub satisfied her burden of proof to show that she is entitled to asylum. Equally important, no evidence was proffered that the alleged persecution was by the government or by groups that the government cannot or will not control. Ayoub's claim is further undermined by the fact that Ayoub voluntarily returned to Egypt in 1999 and hoped to persuade her husband to live there as well; when she could not persuade him, she came to the United States and applied for asylum.

Ayoub's contention that the Board failed to consider that Egyptian Muslims may have had mixed motives in harassing her was not raised before the Board. At all events, it would not carry the day in view of the above analysis. Additionally, Ayoub's CAT claim has been waived as is her claim for withholding of removal for failure to address these on appeal.

3

The Petition for Review will be denied.